**IN THE UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ERIKA GANADEN ) | |
|     *Plaintiff* ) | |
| ) | Case No. 2:22-cv-2019 |
| vs. ) | |
| ) | |
| SOUTHWEST PUBLISHING ) | **JURY TRIAL DEMANDED** |
| CORPORATION ) | |
|     *Defendant* ) | |

## **COMPLAINT**

Plaintiff Erika Ganaden alleges the following Complaint against Southwest Publishing Corporation ("Defendant").

### **JURY TRIAL DEMAND AND DESIGNATION OF PLACE OF TRIAL**

1. Plaintiff demands a jury trial on all triable issues alleged herein and designates the Bob Dole Federal Courthouse in Kansas City, Kansas as the place of trial.

### **NATURE OF THE CLAIMS**

2. Defendant employed Plaintiff from June 2020 until May 2021, when it learned she was pregnant and had a pregnancy-related, physical restrictions. On May 14, 2021, Defendant fired Plaintiff claiming it could not accommodate her restrictions. However, Plaintiff's restrictions did not create a need for any alteration to her job. Moreover, the company routinely gives accommodations to other physically impaired workers who are not pregnant. In June 2021, when Defendant learned that Plaintiff had miscarried, was no longer pregnant, and no longer had pregnancy-related restrictions, it reinstated her employment.

3. In violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.*, and the Pregnancy Discrimination Act, 42 U.S.C § 2000e(k), Defendant discriminated against Plaintiff because of her sex, pregnancy, and pregnancy-related medical condition.

4. In violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 – 12213, Defendant discriminated against Plaintiff because of a disability.

5. In violation of 42 U.S.C. § 12203(a)-(b) and 42 U.S.C § 2000e-3(a), Defendant retaliated against Plaintiff and interfered with her use of her ADA rights.

6. Plaintiff seeks all relief available under 42 U.S.C. § 2000e-5 including back pay, compensatory damages, attorneys' fees, costs, and non-economic and punitive damages.

## THE PARTIES

7. **PLAINTIFF ERIKA GANADEN** is a female citizen of the United States who lives in Kansas.

8. While employed by Defendant, Plaintiff became pregnant and disclosed her pregnancy to Defendant.

9. Plaintiff is a "person" as defined by 42 U.S.C. § 2000e(a) and 42 U.S.C. § 12111(4).

10. Plaintiff is an "employee" of Defendant as defined by 42 U.S.C § 2000e(f) and 42 U.S.C. § 12111(4).

11. When Defendant fired Plaintiff on May 14, 2021, she had a "disability" as defined by 42 U.S.C. § 12102(1) in that:

(A) Plaintiff suffers from *bicornuate uterus*, which is a physical impairment that affects Plaintiff's reproductive system, and substantially limits Plaintiff's major life activities of pregnancy and the operation of her reproductive body system. Bicornuate uterus is a uterine malformation caused by the fusion of Mullerian ducts. This condition is associated with irregular bleeding, painful menstruation, pregnancy loss, preterm labor, premature childbirth, and limits Plaintiff's ability to engage in physical activity while pregnant.

(B) Plaintiff had a record of having the impairment described above.

(C) Defendant regarded Plaintiff as having such a physical impairment that substantially limited one or more of her major life activities, including lifting and working.

12. As defined by 42 U.S.C. § 12111(8), Plaintiff is a "qualified individual" in that she could, with or without reasonable accommodation, perform the essential functions of the employment position that she held with Defendant.

13. Defendant hired, fired, and assigned Plaintiff to work from Kansas.

14. **DEFENDANT SOUTHWEST PUBLISHING CORPORATION** is incorporated under the laws of Kansas and maintains its principal place of business in Kansas.

15. Defendant is a "person" as defined by 42 U.S.C. § 2000e(a).

16. Defendant is a "covered entity" as defined by U.S.C. § 12111(2).

17. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5) and 42 U.S.C. § 2000e(b) in that it is engaged in an industry affecting commerce and has 15 or more employees.

18. Defendant employs more than 200 employees.

19. Throughout Plaintiff's employment, Defendant employed 200+ employees.

20. Defendant is an entity that acts through its agents and employees. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by its agents' performance of non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

## SUBJECT MATTER JURISDICTION

21. This Court has original subject matter jurisdiction over this case pursuant to 28 USC § 1331 because Plaintiff makes claims under federal law, *to wit*: Title VII, 42 U.S.C § 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

## VENUE

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

23. On August 16, 2020, Plaintiff filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission (EEOC) alleging Defendant had violated the Title VII, the Pregnancy Discrimination Act, and the Americans with Disabilities Act. The EEOC assigned her charge the Charge Number 563-2021-02540, which is attached hereto as **EXHIBIT A** and incorporated by reference.

24. Defendant received notice of Charge No. 563-2021-02540 and the parties engaged in an unsuccessful mediation.

25. On October 18, 2021, the EEOC issued Plaintiff a Right-to-Sue Notice for Charge No. 563-2021-02540, authorizing her to bring a civil action against Defendant within 90 days. A copy of that Notice of Right to Sue is attached hereto as **EXHIBIT B** and is incorporated by reference.

26. Ninety days from October 18, 2021, is January 16, 2022.

27. This Complaint was filed before January 16, 2022, or within 90 days of issuance of the right-to-sue notice.

28. Accordingly, Plaintiff has exhausted all her administrative remedies and all claims alleged herein have been timely filed.

## FACTS

29. Plaintiff has a physical impairment called bicornuate uterus which substantially limits one or more major life activities including, without limitation, pregnancy and childbirth.

30. In June 2020, Defendant hired Plaintiff.

31. During April 2021, Plaintiff worked for Defendant in the Inserting Department as an Inserting/Checker (a.k.a. *machine operator*).

32. In late April 2021, Plaintiff learned that she was pregnant.

33. Plaintiff requested a reasonable accommodation in the form days off work due to her pregnancy and pregnancy-related medical condition, bicornuate uterus.

34. In May 2021, Plaintiff's medical provider placed her on pregnancy-related restrictions stating, "Erika Ganaden should work light duty for the duration of her pregnancy, no pushing, pulling, or lifting greater than 25 pounds at one time."

35. When Plaintiff's medical provider placed her on these restrictions, her position required "lifting of 15 to 25Lbs.," but not lifting greater than 25 pounds.

36. On or about May 13, 2021, Plaintiff gave Defendant her doctor's note setting forth her restrictions.

37. The next day, Defendant told Plaintiff that she was being "laid off" claiming it could not accommodate her restrictions.

38. When Defendant told Plaintiff that she was being "laid off," the essential functions of Plaintiff's job did not require lifting beyond the limits set by her doctor's restrictions.

39. When Defendant told Plaintiff that she was being "laid off," she could perform the essential function of her job without accommodation.

40. When Defendant told Plaintiff that she was being "laid off," Defendant accommodated non-pregnant workers who had similar abilities or inabilities to work or who wee placed under certain physical restrictions by a doctor.

41. On or about May 16, 2021, Defendant told Plaintiff her employment had been "terminated" on May 14, 2021.

42. In June 2021, Defendant learned that Plaintiff had miscarried, was no longer pregnant, and no longer had pregnancy-related restrictions.

43. After Defendant learned that Plaintiff had miscarried, was no longer pregnant, and no longer had pregnancy-related restrictions, it agreed to reinstate Plaintiff's employment.

## COUNT I
### Title VII
### Sex Discrimination

44. By reference, Plaintiff incorporates every other paragraph in this Complaint.

45. Plaintiff is a member of a protected class because she is female.

46. Plaintiff is a member of a protected class because she became pregnant while employed by Defendant.

47. Throughout Plaintiff's employment with Defendant, she was qualified for her job and performed it satisfactorily.

48. During her employment with Defendant, Plaintiff became pregnant and informed Defendant of her pregnancy.

49. Plaintiff requested reasonable accommodations for her pregnancy-related condition in the form of days off work.

50. Plaintiff provided Defendant with a doctor's setting forth pregnancy-related restrictions.

51. Plaintiff sought a reasonable accommodation for her pregnancy-related condition in that, when giving Defendant her doctor's note and advising Defendant of her pregnancy-related

condition, she sought Defendant's assurance that she would not have to perform duties beyond the essential functions of her job or restrictions.

52. Plaintiff engaged in protected activity by requesting reasonable accommodations.

53. Defendant failed to provide Plaintiff the accommodations set forth in her doctor's note and fired Plaintiff instead. However, Defendant accommodated others who were similar in their ability or inability to work.

54. Defendant terminated Plaintiff's employment.

55. Defendant terminated Plaintiff's employment because she requested reasonable accommodations for a pregnancy-related condition.

56. Defendant terminated Plaintiff's employment because it believed she was requesting reasonable accommodations for a pregnancy-related condition.

57. Defendant terminated Plaintiff's employment because of her sex.

58. Defendant terminated Plaintiff's employment because of her pregnancy

59. Defendant terminated Plaintiff because of her sex/pregnancy and/or because she requested reasonable accommodations even though she could perform the essential functions of her job.

60. Defendant prohibited Plaintiff from working.

61. Defendant prohibiting Plaintiff from working because it believed she requested reasonable accommodations for a pregnancy-related condition, i.e., she gave Defendant the doctor's note setting forth restrictions related to her pregnancy.

62. Defendant prohibited Plaintiff from working because of her sex.

63. Defendant prohibited Plaintiff from working because of her pregnancy.

64. Defendant prohibited Plaintiff from working because of her sex/pregnancy and/or because it believed she requested reasonable accommodations even though she could perform the essential functions of her job.

65. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffered damages including, without limitation, economic loss, emotional distress, inconvenience, and loss of enjoyment of life.

66. Defendant, through its agents or employees, engaged in the above-referenced discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

67. WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to sex or pregnancy discrimination in violation of 42 U.S.C. § 2000e *et seq.*; for backpay; compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' and experts' fees provided by 42 U.S.C. §2000e-5(k); and for such other and further relief the Court deems just and proper.

## COUNT II
### Americans with Disabilities Act
### Disability Discrimination

68. By reference, Plaintiff incorporates every other paragraph in this Complaint.

69. Plaintiff has a disability in that she has a physical impairment that substantially limits one or more major life activities, has a record of such impairment, or was regarded by Defendant as having such an impairment.

70. Plaintiff requested accommodations for her disability/pregnancy related condition.

71. Defendant believed Plaintiff requested accommodations for her disability/pregnancy-related condition.

72. Defendant believed Plaintiff needed accommodations to perform the essential functions of her job.

73. Plaintiff could perform the essential functions of her job without accommodation.

74. Defendant failed to provide Plaintiff the reasonable accommodations set forth in her doctor's note even though the restrictions did not require any alteration to Plaintiff's job and Defendant accommodated other non-pregnant workers with similar abilities or inabilities to work.

75. Defendant interfered with Plaintiff's exercise and enjoyment of her ADA protected rights, including her right to engage in an interactive process and have dialogue with her employer about her medical condition, by terminating Plaintiff's employment in response to receiving information from Plaintiff about her pregnancy-related physical restrictions.

76. Defendant terminated Plaintiff's employment.

77. Defendant terminated Plaintiff's employment because she requested reasonable accommodations for her pregnancy-related condition.

78. Defendant terminated Plaintiff's employment because of her disability.

79. Defendant prohibited Plaintiff from working because she notified Defendant of her pregnancy-related condition.

80. Defendant prohibited Plaintiff from working because she provided Defendant with a doctor's note that set forth restrictions related to Plaintiff's pregnancy.

81. Defendant prohibited Plaintiff from working because she provided Defendant with a doctor's note setting forth physical restrictions related to her pregnancy.

82. Defendant prohibited Plaintiff from working because of her disability.

83. The actions alleged above directly and proximately caused Plaintiff to suffer damages, including economic loss, emotional distress, humiliation, intimidation, embarrassment, and frustration.

84. Defendant's discrimination against Plaintiff was done with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment on Count II of her Complaint, for a finding that Defendant has subjected her to unlawful disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, for compensatory and punitive damages, equitable relief, costs, reasonable attorneys' fees and experts' fees as provided by 42 U.S.C. § 2000e-5(k), and for such other relief the Court deems just and proper.

**RALSTON KINNEY LLC**

/s/ *Thomas F. Ralston*
Thomas F. Ralston – D. Kan. # 78212
Kenneth D. Kinney – D. Kan. # 78544
4747 Grand Avenue, Suite 300
Kansas City, MO 64112
TEL: (816) 298-0086
FAX: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawll.com

**ATTORNEYS FOR PLAINTIFF**